IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | EP-10-CR-1326-KC |
| | § | |
| CARLOS GOMEZ a/k/a CHUCK GOMEZ | § § | |

## ORDER

On this day, the Court considered the government's "Motion to Compel Reciprocal Discovery" ("Government's Motion"), ECF No. 112, and Defendant's "Motion to Compel Compliance with Rule 16(a)(1)(E)" ("Defendant's Motion"), ECF No. 113. For the reasons set forth herein, the Defendant's Motion is **GRANTED** in part and **DENIED** in part, and the Government's Motion is **GRANTED**.

### I. BACKGROUND

On May 12, 2010, a federal grand jury sitting in the Western District of Texas returned a sealed, ten-count Indictment against Defendant charging him with one count of Conspiracy to Commit Money Laundering, eight counts of Money Laundering - Concealment, and one count of Money Laundering Transaction Greater than $10,000. Indictment 1, ECF No. 1. On June 7, 2010, the Court unsealed the Indictment as to Defendant. Order June 7, 2010. On March 14, 2011, both Defendant and the government filed the motions at issue in this Order. The Court addresses both Motions below.

### II. Defendant's Motion

In his Motion, Defendant seeks to compel the government to comply with Federal Rule of Criminal Procedure 16(a)(1)(E) and provide him with eight categories of materials. Def.'s Mot. 2. He also asks that the government inform him as to which materials it intends to use in its case-in-chief. *Id.* at 2-5. The Court addresses each request in turn.

In the first of the eight requests, Defendant seeks production of "criminal histories, plea agreements, non-prosecution agreements, letters of understanding, proffer letters, 'McNulty Letters,' . . .

or any other similar correspondence for Government Witnesses or any cooperating individuals." *Id.* at 2. Defendant acknowledges that such *Giglio* materials would not normally be provided until closer to trial; but, he argues, this complex case warrants earlier discovery. *Id.* The government responds that Defendant is not charged in the complex wire fraud scheme of his co-defendants; rather, he has been indicted on simpler money laundering charges, so more immediate discovery of *Giglio* material is unwarranted. Gov't Consolid. Resp. 3-4, ECF No. 116.

Upon consideration of the facts as they are known to the Court at this time, the Court finds that earlier delivery of *Giglio* and *Brady* material is warranted in this case. Defendant is charged with numerous counts and the case does not appear to be as straightforward as the government contends. Accordingly, Defendant's Motion is **GRANTED** on this issue. The government shall hand over to Defendant on or before August 7, 2011, all *Brady* and *Giglio* material in its possession.

Defendant next requests the prior sworn statements of Special Agent Dan Stitt, whom Defendant expects to call at trial. Def.'s Mot. 2. The government refuses to do so explaining that it is not required to hand over these materials pursuant to Federal Rules of Criminal Procedure 16(a)(2) and (a)(3), which exempt from disclosure government reports made in connection with the case and grand jury transcripts, respectively. Gov't Resp. 4. The Court agrees with the government. This request appears to be nothing more than a fishing expedition for materials that the government need not disclose and the request enumerates no particular documents sought. Until Defendant can identify the particular discoverable materials pertaining to Agent Stitt that he seeks, the government shall not be required to hand over such materials. Defendant's Motion is **DENIED** as to this matter.

In his third request, Defendant demands reports, memoranda, and notes of Special Agent Joleen Keller. The Court has addressed the issue of Agent Keller in a separate Order dated May 10, 2011, ECF No. 125, in which the Court set the matter for a hearing. The Court will consider this issue should it remain relevant after the June 8, 2011, hearing.

Defendant's fourth request consists of reports of forensic computer examinations of co-defendant Victor Gonzalez's computer that the government intends to use at trial. Def.'s Mot. 3. The government responds that it has already provided Defendant with all documents obtained from Mr. Gonzalez's computer. Accordingly, because the government has already handed over these materials, the request is **DENIED** as moot. If Defendant can demonstrate otherwise, the Court will reconsider the ruling at that time.

Defendant next seeks the statements of his alleged co-conspirators pursuant to Federal Rule of Evidence 801(d)(2). *Id.* The government responds that it has already provided such statements to Defendant, and that it will provide any additional admissible co-conspirator statements as they come into the government's possession. Gov't Resp. 6. Because these statements are already in Defendant's possession and because the government asserts that it will abide by its continuing discovery obligations, the Motion is **DENIED** as moot as to this request.

Defendant's sixth request is for the photographic line-up evidence used by the investigators in this case. Def.'s Mot. 4. The government responds that it did not use such photographic line-ups. Gov't Resp. 6. Because there appears to be no such evidence for the government to hand over, Defendant's Motion is **DENIED** as moot as to this point as well.

In his seventh request, Defendant seeks draft reports and notes from Agent Stitt or other agents taken during Defendant's May 28, 2010, interview. Def.'s Mot. 4. Defendant asserts that the government has confirmed that these materials exist. *Id.* The government responds that it has already provided the relevant materials to Defendant, that it need not provide agent notes under Federal Rule of Criminal Procedure 16(a)(2), and that it has already provided the substance of such information in the interview memoranda. Gov't Resp. 6. To the extent the Defendant seeks agent notes, the government is not required to hand over such materials. *See* Fed. R. Crim. P. 16(a)(2). Further, because the government has already provided the discoverable information to Defendant, the Motion is **DENIED** as

to this request.

In his eighth request, Defendant seeks records of transactions involving Chancery Export Finance LLC. Def.'s Mot. 4. Because Defendant has not shown how these materials are relevant to his defense when he is not charged in the lending fraud scheme involving Chancery Export Finance, the Motion is **DENIED** as to this point.

Finally, Defendant seeks items the government intends to use in its case-in-chief pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(ii). Citing the case of *United States v. Upton*, 856 F. Supp. 727, 747-48 (E.D.N.Y 1994), among others, Defendant argues that because so many documents have been provided to him, Rule 16 and notions of fairness require the government to indicate which materials it intends to use in its case-in-chief. Def.'s Mot. 5-6 & n.2. The government responds that *Upton* and the other cases cited by Defendant were wrongly decided, and cites another line of cases stating as much. Gov't Resp. 8-10.

The Court need not resolve the issue because, even assuming *Upton* was rightly decided, *Upton* and related cases are unavailing for Defendant under the set of facts here. In *Upton*, the district court required the government to provide the defendant with notice of the documents it intended to rely upon at trial so that the defendant could adequately prepare his defense. *Upton*, 856 F. Supp. at 748. However, the *Upton* court explained that it was not the large number of documents provided to the defendant alone that mandated disclosure; rather, disclosure was necessary because there was no way for the defendant to discern which documents were relevant to preparing his defense. *Id.*

In this case, Defendant has only argued that the large number of documents, perhaps as many as 25,000, prevent him from preparing his defense. Def.'s Mot. 5-6. But, according to the decision in *Upton*, this assertion of quantity without more is not enough. *See Upton*, 856 F. Supp. at 748. Defendant would need to explain how this large number of documents prevent the adequate preparation of his defense. For example, it is quite possible that all disclosed materials are integral to the defense, that

4

these materials can be readily sifted through to discover the important documents, or that the critical evidence is readily apparent. As the government explains, and Defendant has not argued otherwise, "the charged criminal conduct is very simple. All the business transactions alleged in the Indictment were fraudulent and all the associated documentation regarding the sale and shipment of United States manufactured equipment was false. All representations that the machinery was received in Mexico are also false." Gov't Resp. 6-7. Defendant provides no indication how the materials provided by the government cloud or complicate the preparation of his defense in light of the crimes charged in the Indictment.

Thus, the mere recitation of a statement that the government has handed over a large number of documents to the defense is insufficient to show that the preparation of the defense is sufficiently adversely impacted to warrant the Court's intervention. Defendant's Motion is **DENIED** as to this request.

### III. Government's Motion

In its Motion, the government seeks to compel Defendant to provide reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1). Gov't Mot. 2. Defendant responds that he has no duty under Rule 16 to provide discovery until the government complies with his outstanding discovery requests. Def.'s Resp. 2. Further, that he cannot deliver evidence that he expects to use at his case-in-chief until he receives from the government the material that it expects to use in its case-in-chief or that is material to preparing the defense. *Id.* at 2-3. Without knowing which items the government will use at trial, Defendant explains, he cannot know what items he will use at trial. *Id.* at 3.

The Court has ruled above on the issue of the government's responsibility to enumerate for Defendant which documents it intends to rely upon at trial. Under the facts here, it need not. Accordingly, Defendant shall hand over to the government forthwith all discovery material that he expects to use in his case-in-chief based upon his understanding of the case and his defense at this time.

If Defendant expects to use additional materials once the government has completed its disclosures, Defendant shall provide such additional discovery to the government at that time. Accordingly, the Government's Motion is **GRANTED**.

    **SO ORDERED**.

    **SIGNED** on this 18th day of May, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE